Harold A. Stevens, J.
The opinion in the above-entitled case, dated November 18, 1957, is recalled and modified and the clerk of Special and Trial Term, Part IV, is hereby directed to correct his minutes so as to reflect the modification indicated. The opinion as so modified is hereby published in its entirety.
Plaintiff, an infant, by his guardian ad litem seeks to recover damages for injuries sustained as a result of the alleged negli *245 gence of the defendants. The guardian ad litem, who is the mother of the infant, seeks to recover for medical expenses and loss of services.
The action was dismissed as to defendant Giambona and Earl Douglas Hanson, Inc.
Defendant 435 West 28th Street, Inc., has a cross complaint over against defendant Vassallo under section 264 of the Civil Practice Act.
Testimony adduced at the trial on behalf of the plaintiff was to the effect that a large plate glass window in a butcher shop located at premises 2184 Eighth Avenue, Manhattan, fell upon the infant plaintiff and caused severe injuries to him and particularly to his left forearm. Plaintiffs introduced testimony that the window had been cracked for three to five weeks before the accident. Defendants denied this.
There was some evidence that the infant plaintiff, then age 14, at the suggestion of an older person who took him to the hospital, a person not connected with this case, made some statement about a ball striking the window. This was explained, and though such witness was available to the defendants, they elected not to call him to contradict such explanation.
Other testimony by disinterested persons, and the infant himself, clearly indicated no ball was thrown, struck the window, or that ball was, in fact, being played in the area and we so find.
The infant plaintiff was standing upon the sidewalk, a public way, when without fault on his part, the accident occurred. We find that the window was in such an insecure and dangerous condition that it fell without direct, active and independent force directed against it.
The infant was cut on the right and left forearms; in the hospital five or six days; an operation performed under general anesthesia; and will suffer a permanent injury and limitation of use and power of the left hand and forearm aside from the scars remaining.
We find that the glass was maintained in such a defective condition for a period of time to afford both actual and constructive notice.
There is a duty to keep a pane of glass properly fastened in its place so as to prevent injury to persons lawfully on the highway. Moreover the cracks, which we find also to have existed, constituted an openly dangerous condition. There was a failure on these aspects, as found, to properly inspect the window to ascertain if it was properly fastened and, in light of the cracks, an additional failure to provide a proper window.
*246 There are special damages here of approximately $385. We find for the infant plaintiff against both defendants in the total amount of $10,000, and for his guardian ad litem in the total amount of $750, against defendant Joseph Vassallo.
Defendant 435 West 28th Street, Inc., cross-claimed over against Joseph Vassalo, sued herein as Joseph Vassallo, under section 264 of the Civil Practice Act. Defendant 435 West 28th Street, Inc., hereinafter called “ 435 ”, alleges that any liability found is a result of the fault of its codefendant Vassallo, as the active tort-feasor. That he was in possession.
Under the terms of the lease, which was in evidence, landlord retained rights in the outer side of the outer walls of which the demised premises were a part, and landlord 435 had the obligation to replace at tenant’s expense all broken glass in the demised premises. 435 also had the right to keep insured for and in its name all plate glass in the demised premises. Landlord 435 had the right to make repairs at the tenant’s expense. By a separate paragraph, landlord 435 retained a right of access to the premises at all times to make repairs, decorations, alterations and improvements as it deemed necessary or advisable. It thus appears that landlord 435 had not parted with entire control of the premises.
This was a multiple dwelling, though this portion of the same on the street floor was used as a store. There was a duty imposed upon the landlord as well to use care to see that those portions which might cause injury to the public were in a reasonably safe condition. Landlord 435’s employee was in and out of the store several times a day and landlord by one of its officers visited the premises frequently.
In light of the condition we find to have existed, we find and conclude that the accident and injuries to plaintiffs were caused by the negligence of both defendants. Accordingly the cross claim over is dismissed.
All motions on which decision was reserved, which are not otherwise disposed of by our decision herein, are denied.
This constitutes our decision under section 440 of the Civil Practice Act.